IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBORAH M. STEWART, | : | 4:14-CV-1050 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| KEYSTONE REAL ESTATE | : | |
| GROUP, LP, | : | |
| | : | |
| Defendant. | | |

**MEMORANDUM**
November 12, 2015

Plaintiff Deborah Stewart (hereinafter "Stewart") filed a complaint against her previous employer, Defendant Keystone Real Estate Group, LP (hereinafter "Keystone"). Initially Stewart asserted three claims against Keystone: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), (2) sexual harassment and hostile work environment in violations of Title VII, and (3) violations of State College Ordinance 1967 (hereinafter "Ordinance 1967"), the State College, Pennsylvania city anti-discrimination ordinance.[1] Subsequently, Stewart filed a Second Amended Complaint adding a claim for violation of the Pennsylvania Human Relations Act.[2] In response to two motions to dismiss filed by Keystone, the Court entered an Order dismissing Stewart's claims of gender discrimination under Title VII without prejudice,

---

[1] ECF No. 1.
[2] ECF No. 19.

violations of the Pennsylvania Human Relations Act with prejudice, and violations of Ordinance 1967 without prejudice.[3]  The Court also struck paragraphs 123 and 141 of Plaintiff's Second Amended Complaint.[4] Stewart next filed a Third Amended Complaint in which she alleged the two following counts: Count I: Sexual Harassment and Hostile Work Environment in violation of Title VII and Count II: Violations of Ordinance 1967.[5]

Pending before the Court is Keystone's motion to dismiss Count II of Stewart's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[6] The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1367.  The Parties have briefed the issues and the matters are ripe for resolution.   For the following reasoning, Defendant Keystone's motion to dismiss is granted.

## I. BACKGROUND

Stewart, a female employee of Keystone from February 2002 to October 2012,[7] was involved in a private, romantic relationship with a female co-employee, Amanda Thomas, beginning in December, 2011.[8]  Stewart alleges that she was

---

[3] ECF No. 24.
[4] *Id.*
[5] ECF No. 28.
[6] In its motion to dismiss, Keystone also requested that the Court strike paragraph 132 of Stewart's Third Amended Complaint, as it is the same as paragraph 123 of the Second Amended Complaint, which was previously stricken by the Court. In filing its motion to dismiss, however, Keystone included a Certificate of Concurrence (ECF No. 27 Attachment #2) indicating that Plaintiff concurred with the motion to strike.
[7] ECF No. 26 at ¶ 18.
[8] ECF No. 26 at ¶ 67. Amanda Thomas has also filed an action in this Court. Docket Number 4:14-cv-0543. These two actions were consolidated pursuant to Federal Rule of Civil Procedure 42(a) for purposes of discovery and trial.

subjected to repeated verbal attacks and gender discrimination by Keystone's Chief

Operating Officer, Mary Frantz Adams, as a direct result of Keystone learning that

Stewart was engaging in a romantic relationship with Amanda Thomas.[9]  Plaintiff

further alleges that she was severely and persistently harassed by Defendant's

Human Resources Manager, Matt Rager, and by Defendant's Maintenance

Coordinator, Glenn Miller, among other Keystone employees.[10]  According to

Stewart, the sexual harassment that she suffered included vulgar and sexually

explicit comments, spanking, neck-rubbing, verbal and physical sexual advances,

and after-hours calls and stalking outside of the employment setting.[11]

Stewart was ultimately terminated from her employment in October 2012.

She alleges that her termination was based on her sexual orientation.  Plaintiff

asserts two causes of action in her Third Amended Complaint: sexual harassment

and hostile work environment in violation of Title VII (Count I) and violations of

Ordinance 1967 (Count II).

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), a court must view all allegations stated in the complaint as true

---

Docket Number 4:14-cv-1050 ECF No. 9 and Docket Number 4:14-cv-0543 ECF No. 43. These cases, however, remain separate actions.
[9] ECF No. 26 at ¶ 2.
[10] *Id.* at ¶ 3.
[11] *Id.* at ¶¶ 22, 24, 27, 39, 51, 53, 54, 57-59.

and construe all inferences in the light most favorable to plaintiff.[12] However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions."[13] In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.[14] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15] At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.[16]

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.[17] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[18]

"In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading."[19] Federal Rule of Civil Procedure 8 "requires only a 'short and plain

---

[12] *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).
[14] *Kost*, 1 F.3d at 183.
[15] *Iqbal*, 556 U.S. at 678.
[16] *See Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).
[17] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).
[18] *Iqbal*, 556 U.S. at 663-664.
[19] *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa. May 5, 2008) (Lancaster, J.).

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests.'"[20] Even under this lower notice pleading standard, however, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief.[21] Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.[22] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief."[23]

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."[24] A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."[25] If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."[26]

---

[20] *Twombly*, 550 U.S. at 554 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[21] *See Hellmann*, 2008 WL 1969311 at *3.
[22] *See Twombly*, 550 U.S. at 561.
[23] *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)).
[24] *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).
[25] *Id.* at 326.
[26] *Id.* at 327.

## III. DISCUSSION

Keystone argues that Count II of Plaintiff's Third Amended Complaint, in which Stewart alleges that Defendant violated Borough of State College Ordinance 1967, should be dismissed. Keystone contends that Stewart failed to exhaust the administrative remedies afforded to her, which, Defendant argues, was required in this case. Stewart, on the other hand, argues that she did, in fact, exhaust the administrative remedies available to her under Ordinance 1967.

Specifically, Stewart alleges that she filed a charge with the State College Human Rights Commission (hereinafter "the Commission") on January 7, 2013.[27] She further alleges that the Commission required mediation and that the case would be dismissed if the parties failed to agree to participate in mediation.[28] Therefore, she argues, Plaintiff exhausted her administrative remedies when Keystone declined to participate in mediation before the Commission.[29]

Conversely, Keystone argues that Stewart voluntarily withdrew her charge with the Commission in an email sent by Plaintiff's counsel to the Commission indicating that she had instructed him to file her claim with the United States Equal Employment Opportunity Commission (hereinafter "the EEOC").[30] Stewart's

---

[27] ECF No. 26 at ¶ 6.
[28] *Id*. at ¶ 7.
[29] *Id*. at ¶ 8.
[30] E-mail from J. Korsak, Esq., Plaintiff's counsel, to Beth Johnson, Human Res. Dir. for State College Borough (June 4, 2013, 10:25 a.m. EST) (Docket 14-0543 ECF No. 24 at 17).

counsel indicated that he had followed Stewart's instruction and thanked the

Commission for the time and effort it had put into the matter.[31]

In Plaintiffs' Brief in Opposition to Defendant's Motion Re Exhaustion of

Remedies,[32] Stewart states that the Commission informed her counsel that if the

respondent refused to participate in mediation, the matter would be dismissed.

Stewart's counsel, therefore, apparently relying in good faith on the Commission's

message waited a few weeks and then informed the Commission of his client's

intention to file the charge with the EEOC.  Plaintiff's counsel subsequently filed a

document with the Court entitled "Declaration of Joseph C. Korsak, Esq.",[33]

detailing both his conversation with Beth Johnson, the spokesperson for the

Commission, and his actions in the weeks that followed.

### A. Additional information the court may consider in deciding a Motion to Dismiss

It is well settled in the Third Circuit that in deciding a 12(b)(6) motion to

dismiss, a court may properly consider documents beyond the complaint.[34]

Specifically, a court may consider "matters of public record including court files,

records and letters of official actions or decisions of government agencies and

---

[31] *Id.*

[32] In Plaintiff's Opposition, much of Plaintiff's argument revolves around her Title VII claim. She cites law supporting her contention that a Plaintiff need not exhaust her administrative remedies in charges filed with the EEOC prior to commencing a Title VII action. Plaintiff's Title VII claim, however, is not at issue with regard to Defendant's motion to dismiss. Defendant only requests that the Court dismiss Count II of Plaintiff's complaint, namely, her claim that Defendant violated Ordinance 1967.

[33] ECF No. 31.

[34] *See generally Arzmendi v. Lawson*, 914 F. Supp. 1157, 1160 (E.D. Pa. 1996).

administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion."[35]  In other words, a court may consider three types of information: matters of public record including actions of government agencies, matters referenced and incorporated in the plaintiff's complaint, and undisputed matters essential to a plaintiff's claim that are attached to a defendant's motion.

In *Arizmendi v. Lawson*, for example, the Eastern District of Pennsylvania was able to consider a letter issued by the EEOC, the authenticity of which was undisputed, in deciding a motion to dismiss.[36]  The Western District of Pennsylvania in *Rogan v. Giant Eagle, Inc.*, on the other hand, considered a letter not from a government agency referenced in plaintiff's complaint.[37]  In *Karipidis v. Ace Gaming LLC*, the District of New Jersey considered the plaintiff's administrative filings that had been attached to the defendant's motion to dismiss, specifically to determine whether the plaintiff had exhausted his administrative remedies.[38]

---

[35] *Arzmendi*, 914 F. Supp. at 1160-61. *See also Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782, (W.D. Pa. 2000)("Since *Arizmendi,* numerous decisions from this jurisdiction have similarly found that a court may consider an undisputedly authentic document attached to a defendant's motion to dismiss, provided that the plaintiff's claims are based on the document, along with matters of public record . . ."(internal citations omitted)).
[36] 914 F. Supp. at 1161.
[37] 113 F. Supp. 2d at 783.
[38] No. 09-3321, 2010 WL 2521209 at *3 (D.N.J. June 9, 2010).

In the matter at hand, there are three specific documents referenced by the parties: (1) the e-mail written by Stewart's counsel and submitted to the Commission informing it that a charge would be filed with the EEOC,[39] (2) the letter written by the Commission indicating that it had received Mr. Korsak's letter that Stewart intended to file a charge with the EEOC and that it was closing the investigation,[40] and (3) the Declaration of Joseph C. Korsak, Esq.[41]  Stewart does not oppose the Court's consideration of any of the three documents.  Keystone, however, disputes the authenticity of the information in the Korsak Declaration and argues that the Court should not consider the information provided in that document.

The Court believes that it is appropriate to consider documents produced by the Commission, including the letter closing the case, as official actions of an administrative body, and therefore, a matter of public record.  The Court will not consider the e-mail written by Plaintiff's counsel to the Commission as it does not fall into any of the categories of documents which the Court may consider according to the persuasive guidance of sister courts noted above.

Finally, the Court shall not consider the Declaration of Joseph C. Korsak, Esq. in deciding Defendant's motion to dismiss.  This Declaration does not fall into

---

[39] E-mail from J. Korsak, Esq., Plaintiff's counsel, to Beth Johnson, Human Res. Dir. for State College Borough (June 4, 2013, 10:25 a.m. EST)(Docket 14-0543 ECF No. 24 at 17).

[40] Letter from Thomas Fountaine, II, Borough Manager, to Joseph Korsak, Esq., Plaintiff's counsel (June 6, 2013)(Docket 14-0543 ECF No. 24 at 85.)

[41] ECF No. 31.

any of the three categories of matters which the Court may consider. It is neither a matter of public record, nor an undisputed matter essential to a plaintiff's claim attached to Keystone's motion to dismiss. Lastly, unlike the letter in *Rogan* ultimately considered by that court, neither the Korsak Declaration, nor the statements in the Declaration, specifically detailing Plaintiff's counsel's telephone conversation with Beth Johnson, were mentioned or referenced in any of Stewart's three amended complaints.

## B. Exhaustion of administrative remedies

The Borough of State College adopted Ordinance 1967 pursuant to Section 962.1 of the Pennsylvania Human Relations Act (hereinafter "the PHRA"). Under Section 962.1 of the PHRA, the State College Human Relations Commission was granted "powers and duties similar to those now exercised by the Pennsylvania Human Relations Commission."[42] Ordinance 1967 prohibits discrimination in employment to all persons regardless of sexual orientation or gender identity.[43]

Courts have determined that where a local ordinance is adopted under the PHRA, all administrative remedies must be exhausted prior to filing a lawsuit.[44] Section 908 provides a private right of action in any court of competent jurisdiction which "may be brought: 1) upon receipt by the aggrieved Person(s) of notice that

---

[42] *See* 43 P.S. § 962.1, *see also* Ordinance 1967 § 906.
[43] Ordinance 1967 §§ 902, 904.
[44] *See Richards v. Foulke Assocs., Inc.*, 151 F. Supp. 2d 610, 614 (E.D. Pa. 2001).

the Commission has dismissed the complaint; or 2) if no such notice is received, after one year from the date of the filing of the complaint."[45]

Plaintiff attempted to assert a claim under Ordinance 1967 in her Amended Complaint.[46]  That claim was dismissed with leave to amend by this Court, however, because Plaintiff initially failed to plead any facts related to the Ordinance, including whether she timely filed or whether she exhausted her administrative remedies.  Plaintiff now asserts this claim again, alleging that she filed her claim timely and exhausted all of her administrative remedies.

Section 907(A) of Ordinance 1967 states that a complaint with the Commission must be made "within one hundred and eighty (180) days of the alleged act of discrimination to be considered timely."[47]  Upon receipt of a complaint, the Commission will invite the parties to participate in mediation.[48]  The Commission will then dismiss a complaint, "[p]rovided the Commission has not elected . . . to use expanded procedures."[49]

The Commission has the authority to elect to adopt expanded procedures, subject to the approval of the State College Borough Council and provided funding is available.[50]  Investigation of the matter is one expanded procedure option.[51]

---

[45] Ordinance 1967 § 908.
[46] ECF No. 8 at ¶ 141-148.
[47] Ordinance 1967 § 907(A).
[48] Ordinance 1967 § 907(C).
[49] *Id.* at (D).
[50] *Id.* at (E).
[51] *See* Ordinance 1967 § 907(G).

Section 908 then provides a private right of action upon receipt of notice that the Commission has dismissed the complaint or after one year from the date of the filing if no notice is received.[52]

Stewart alleges in her Third Amended Complaint that she experienced discrimination and was ultimately terminated from her employment on October 8, 2012.[53]  Stewart then filed her charge with the Commission on January 7, 2013.[54] Because her claim was filed ninety-one days after the final act of discrimination, well within the one-hundred-and-eighty-day period permitted, Plaintiff's claim was timely filed.

Stewart further alleges in her Third Amended Complaint that "Plaintiff exhausted her remedy before the State College Human Relations Commission."[55] She states that the Commission first required mediation and that "[i]f the parties [did] not both agree to mediation, the case [would be] dismissed."[56]

Administrative documents sent by the Commission to the parties indicate otherwise.  After filing the charge, the Commission sent letters to both Plaintiff and Defendant, dated April 24, 2013, inviting the parties to participate in mediation.[57]

---

[52] Ordinance 1967 § 908(B).
[53] ECF No. 26 at ¶ 11.
[54] *Id.* at ¶ 6.
[55] *Id.* at ¶ 10.
[56] *Id.* at ¶ 7.
[57] Letter from Michael Eggert, Chairperson of the Comm'n, to Joseph Korsak, Esq., Plaintiff's counsel (April 24, 2013)(ECF No. 19-1 at 55).

This letter clearly states:

> In the event one or both parties declines to participate in the voluntary mediation, the Commission will move forward with the investigation of the complaint under the Expanded Procedures set forth in the Ordinance.[58]

Therefore, while the Commission reserves the authority to elect to adopt expanded procedures, when Stewart, through her counsel, informed the Commission that she intended to file the charge with the EEOC, she did so after notice by the Commission that it would continue to investigate the claim if either party refused to engage in mediation.[59]  The Commission consequently closed the case prior to the culmination of the investigation and prior to the one-year time bar provided by Section 908(B) of Ordinance 1967.[60]

Plaintiff failed to exhaust her administrative remedies as delineated above. Accordingly, Plaintiff has no right of action under Ordinance 1967.  Count II of Plaintiff's Third Amended Complaint is, therefore, dismissed.

---

[58] *Id.*

[59] It continues to be unclear to the Court why Plaintiff would withdraw her sexual orientation claim under Ordinance 1967 to file her claim with the EEOC. As discussed at length in the Court's last Order on Defendant's last motion to dismiss, the EEOC does not prohibit discrimination on the basis of sexual orientation. *See* 42 U.S.C. § 2000e *et. seq.* Therefore, Stewart seems to have withdrawn her sexual orientation discrimination claim to file a completely separate sexual harassment claim with the EEOC, which would not have affected her claim filed with the Commission.

[60] *See* Ordinance 1967 § 908(B) ("The right of action created by this Ordinance may be brought: 1) upon receipt . . . that the Commission has dismissed the complaint; or . . . after one (1) year from the date of the filing of the complaint.") The Commission's letter closing the case was dated June 6, 2015 (ECF No. 24 at 85), six months and one day after the charge was initially filed by Plaintiff.

## IV. CONCLUSION

In accordance with the foregoing analysis, Defendant's motion to dismiss is granted.

An appropriate Order follows.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge